Vacated by Supreme Court, October 4, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4762**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

XAVIER ANTWONE BLACKWOOD,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00258-WO-1)

Submitted: February 25, 2010        Decided: March 2, 2010

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Antwone Blackwood pled guilty pursuant to a written plea agreement to maintaining drug-involved premises, 21 U.S.C. § 856(a)(1), (b) (2006), and possession of a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The Government filed an Information of Prior Conviction pursuant to 21 U.S.C. § 851 (2006), stating that Blackwood committed the subject offenses after a prior state felony drug conviction for possession with intent to sell and deliver cocaine (two counts) became final. Blackwood was sentenced to 85 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating in his view there are no meritorious issues for appeal, but questioning whether the district court erred in finding Blackwood's prior drug conviction for which Blackwood received a sentence of six to eight months "a crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 922(g). Blackwood was notified of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Blackwood argues that his prior state conviction cannot serve as a predicate offense under 18 U.S.C. § 922(g) because, under the North Carolina Fair Sentencing Act, he was

2

subject to less than one year of imprisonment for the prior conviction. However, as counsel concedes, this argument is foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005) (determining satisfaction of recidivist guideline requirement that prior conviction was punishable by term exceeding one year depends on "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"); see also United States v. Rodriguez, 128 S. Ct. 1783, 1787-93 (2008) (defining phrase "maximum term of imprisonment" in 18 U.S.C. § 924(e) (2006) as maximum term permitted by state statute, including recidivist provisions). Because the prior conviction at issue was clearly punishable by a maximum term of imprisonment exceeding one year, we conclude the district court did not err in considering it a predicate conviction for purposes of 18 U.S.C. § 922(g).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave

3

to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED